CASTEL, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

06 Civ. 4823 PKC

-against-

SCIENTIFIC-ATLANTA, INC.,

          Defendant.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/06

## FINAL JUDGMENT ON CONSENT AS TO DEFENDANT SCIENTIFIC-ATLANTA, INC.

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Scientific-Atlanta, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-13] by directly or indirectly, or by aiding and abetting, filing or causing to be filed with the Commission a report required to be

filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder that (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be included in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; (3) fails to disclose any information required to be disclosed therein; or (4) otherwise fails to comply in any material respect with the requirements of Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B)] by directly or indirectly, or by aiding and abetting,

    (A)    failing to make and keep books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of any issuer; or

    (B)    failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

        (1)    transactions are executed in accordance with management's general or specific authorization;

  (2) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles, or any other criteria applicable to such statements and to maintain accountability for assets;

  (3) access to assets is permitted only in accordance with management's general or specific authorization; and

  (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $20,000,000, representing profits gained as a result of the conduct alleged in the Complaint. Defendant shall satisfy this obligation by paying $20,000,000 to the Clerk of this Court, together with a cover letter identifying Scientific-Atlanta, Inc. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to Alistaire Bambach, Esq., Securities and Exchange Commission, 3 World Financial Center, New York, New York, 10281. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the

interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: June 27, 2006

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS **ENTERED ON THE DOCKET ON** _____

4